JOSEFA ALVAREZ, Plaintiff and Appellee, *v.* TOMÁS ANZALOTA MONET, Defendant and Appellant.

No. 5250. Argued March 17, 1930.—Decided March 31, 1930

*Angel Arroyo* and *E. Rincón,* for appellant. *E. Martínez Rivera,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The appellee moves for a dismissal of the appeal on two grounds, to wit: for lack of diligence on the part of the appellant in the prosecution of the appeal, and because the proceedings are frivolous.

The judgment appealed from was rendered on December 19, 1929. On the 18th of the following January the appeal was taken, and on the 23rd the court ordered the stenographer to prepare the transcript of the evidence for the purposes of the appeal. On the 10th of the following February the stenographer applied to the court for an extension of thirty days and for an order directing the appellant to deposit within fifteen days in the office of the clerk the sum of $60, as the probable amount of the stenographer's fees. The court granted the application, and the order to make the deposit was notified to the appellant on February 13. On March 3 the appellee filed in this court the present motion, together with a memorandum in support thereof and some excerpts from the record.

The appellant opposed that motion and, at the hearing thereof on the 17th instant, he filed a certificate from which it appears that he applied for and obtained from the district court a new extension of 30 days for the stenographer to prepare the transcript and promised to deposit during that time the stenographer's fees. That extension has not expired as yet.

The mere recital of the above facts and a consideration of Rules 58 and 59 of this court suffice for the conclusion that the dismissal does not lie on the first of the two grounds above stated. There is an extension still in force and the period of 90 days fixed by Rule 59 had not fully elapsed at the time of the filing of the motion, or even now. As the first extension granted to the stenographer had not expired, the district court had jurisdiction and power to grant a second extension for making the deposit of the fees. The case of *Ferrocarriles del Este* v. *Ríos,* 39 P.R.R. 77 is not applicable. A different situation is involved here.

Is the appeal frivolous? It may be that the appellee is right in this; but it is impossible to reach a final conclusion on this point relying simply on the pleadings, the opinion of the lower court, and the judgment, since it appears that evidence was heard, even though introduced by the plaintiff alone, in whose favor the decision was given. This is not a case of a judgment on the pleadings. There is a possibility that the evidence will not sustain the averments made in the complaint and denied in the answer.

Besides, the legal question involved in this appeal is new and interesting, as appears from a perusal of the documents sent up; and justice and the precedents seem both to require that, before a final decision is reached with reference to such a question, the same should be accorded full consideration in this court in the light of all the facts and circumstances submitted to the lower court.

For the foregoing reasons the motion of the appellee must be denied.